

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. A. T. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion No. O-7166
Re: May the proceeds from the sale
of a school building and fix-
tures be used to pay off out-
standing bonds which were issued
for the purpose to build and
equip the building in question?

Your letter of March 20, 1946, requesting an
opinion on the above and related questions, has been received
and given careful consideration. The questions you raise are
as follows:

"A common school district has sold a
school building and fixtures. This district, re-
presented by its trustees, complied with the
statutes in getting county board permission to
make this sale. May the proceeds of this sale
legally be used to pay off outstanding bonds
which were issued and sold to build and equip
this same building? May the proceeds of an
insurance policy which were collected when a
building in a common school district was destroyed
by fire, be used to pay off outstanding bonds?"

Article 2753, Vernon's Annotated Civil Statutes,
reads as follows:

"The trustees of any school district,
upon the order of the county trustees prescribing
the terms thereof, when deemed advisable, may make

Hon. A. T. Pribble - Page 2

sale of any property belonging to said school
district, and apply the proceeds to the purchase
of necessary grounds, or to the building or re-
pairing of school houses, <u>or place the proceeds to
the credit of the available school fund of the
district.</u>"  (Underscoring ours)

We think it is clear that under the provisions of
the above article the school trustees could purchase or
build a new building with the funds derived from the sale
you mentioned. We assume that the trustees have determined
there is no need for additional grounds or a new building and
that they have complied with the provisions of the article
and placed the proceeds to the credit of the available
school funds of the district. It then rests upon us to
determine for what purposes the <u>available school fund of the
district</u> may be used.

Article 2827, V. A. C. S., subsections 1 and 2 set
out the purposes for which State and county and the local
school funds may be used. These two sections read as
follows:

"Sec. 1. The State and county available
funds shall be used exclusively for the payment
of teachers' and superintendents' salaries, fees
for taking the scholastic census, and interest
on money borrowed on short time to pay salaries
of teachers and superintendents, when these sala-
ries become due before the school funds for the
current year become available; provided that no
loans for the purpose of payment of teachers shall
be paid out of funds other than those for the
then current year.

"2. Local school funds from district
taxes, tuition fees of pupils not entitled to
free tuition and other local sources may be used for
the purposes enumerated for State and county funds
and for purchasing appliances and supplies, for the
payment of insurance premiums, janitors and other
employes, for buying school sites, buying, building
and repairing and renting school houses, and for other
purposes necessary in the conduct of the public
schools to be determined by the Board of Trustees, the
accounts and vouchers for county districts to be ap-

Hon. A. T. Pribble - Page 3

proved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

As we read the above two sections of Article 2827, it is our opinion that the county available school fund of the district could be spent for only those purposes enumerated in Subsection 1. Neither the construction of buildings nor the payment of outstanding bonded indebtedness is among the authorized uses. However, Subsection 2, dealing with the local school funds derived from district taxes and other local sources may be used for "purchasing appliances and supplies, for the payment of insurance premiums . . . and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees. . . ." Subsection 2 of the Article further provides that when the State available school fund in any city or district is sufficient to maintain the schools for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned in the subsection. This department in construing the effect of this language held:

"The statutory authority concerning use of such surplus State available funds is therefore, in our opinion, broad enough to permit use of such funds in retirement of bonded indebtedness of a school district."

It is our opinion therefore that the funds you received from the sale of a school building, having been placed in the district's local funds account, may be expended for the retirement of bonds which were issued for the purpose of obtaining necessary funds to construct the building.

In answer to a question regarding the uses for which money collected as fire insurance on the school building destroyed by fire, this department held, in its Opinion No. O-464, as follows:

"Our answer to your first question is that the money collected as fire insurance on the school building destroyed by fire is a local fund and can only be used for those school purposes enumerated in Section 2 of Article 2827."

Hon. A. T. Pribble - Page 4

In view of our answer to your first question and our reasons therefor, we answer your second question in the affirmative.

Trusting the above fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      E. M. DeGeurin
           Assistant

EMDeG:BT



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN